**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| YURBIN OTONIEL PEREZ-GOMEZ,<br><br>                                    Petitioner,<br><br>        v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>                                    Respondents. | Case No. 26-cv-04057-BAS-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Yurbin Otoniel Perez-Gomez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after having been previously released by immigration authorities. (ECF No. 1.) The Government responded to the Petition, acknowledging that Petitioner had been paroled and that this Court's prior rulings "will control the result here." (ECF No. 4.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions on which he was previously released.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Guatemala, entered the United States on November 13, 2023. (Pet. ¶ 15.) Immigration authorities detained Petitioner until November 16, 2023, when he was released pursuant to an Order of Release on Recognizance. (*Id.*; *see also* ECF No. 1-5.) Petitioner's Order of Release required him to regularly check in with Immigration and Customs Enforcement ("ICE"). (ECF No. 1-5.)

Since 2023, Petitioner has complied with all the terms of his release, including appearing for check-in appointments with ICE in January 2024, January 2025, and January 2026. (Pet. ¶ 16.) He has no criminal history. (*Id.* ¶ 21.) Petitioner also has a valid work authorization. (*Id.* ¶ 17.)

On June 28, 2026, Petitioner was a passenger in a vehicle while on his way to work "when ICE officers stopped the vehicle and requested identification." (Pet. ¶ 19.) ICE detained Petitioner without providing notice "that it intended to revoke Petitioner's release on recognizance or otherwise alter the conditions under which he had remained at liberty for more than two years." (*Id.* ¶¶ 19–20.) Petitioner has since been transferred to the Imperial Regional Detention Facility. (*Id.* ¶ 19.) He seeks immediate release on the same conditions as his previous release. (*Id.* ¶ 47.)

## III.   ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees);

26cv4057

*Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because the Government released Petitioner upon finding he was not a flight risk or a danger to the community in November 2023, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Yurbin Otoniel Perez-Gomez (A# 245-465-218) be released on the same terms and conditions on which he was previously released in November 2023.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 23, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv4057